(80 South. 370)

UNITED ORDER OF GOOD SHEPHERDS v. RICHARDSON. (4 Div. 801.)

(Supreme Court of Alabama. Nov. 28, 1918.)

1. TRIAL ⬤⟿234(3)—AFFIRMATIVE CHARGE.

The amount recoverable depending on construction of instruments, but a certain amount being conceded due and recoverable, there was no error in an instruction to find for plaintiff if the jury believed the evidence.

2. TRIAL ⬤⟿255(14)—INSTRUCTIONS—NECESSITY OF REQUEST.

Defendant should have raised the question, of what amount was due, by requesting an instruction limiting recovery to the amount authorized by proper construction of instruments, where, a certain amount being conceded due, the jury were properly instructed to find for plaintiff if they believed the evidence.

3. APPEAL AND ERROR ⬤⟿292—REVIEW—NECESSITY OF MOTION BELOW.

Where defendant, after proper instruction to find for plaintiff if jury believed the evidence was given, failed to request an instruction limiting recovery to amount authorized by proper construction of instruments in suit, the question could thereafter be raised only by motion to set aside the verdict, for the full amount sued for, as excessive under the law and evidence.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Action by Charles H. Richardson against the United Order of Good Shepherds. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

Hill, Hill, Whiting & Thomas, of Montgomery, and McDowell & McDowell, of Eufaula, for appellant.

Chauncey Sparks, of Eufaula, for appellee.

SOMERVILLE, J. The action is for a balance of $140 due, as claimed, upon a life insurance policy issued on the life of plaintiff's deceased wife. The amount due and recoverable depends upon the construction to be placed on the terms of the policy and the constitution and by-laws of the defendant association.

It is conceded by defendant that $15 remains due after a partial payment of $160. The record shows that the trial judge instructed the jury to find for the plaintiff, if they believed the evidence. The jury found for the amount sued for, with interest. The only error insisted upon is the giving of the affirmative charge for plaintiff.

[1, 2] This charge was properly given, and defendant should have raised the question of what amount was due by requesting an instruction limiting plaintiff's recovery to the amount authorized by a proper construction of the policy.

[3] Failing to do that, the question could be raised only by a motion to set aside the verdict as being excessive under the law and the evidence. Cook, etc., Co. v. Bell, 177 Ala. 618, 635, 59 South. 273.

As the matter is here presented, the assignment of error must be overruled.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.