(94 South. 910)

## SOVEREIGN CAMP, W. O. W., v. REED.
(7 Div. 240.)

(Supreme Court of Alabama. Nov. 16, 1922.)

**1. Insurance ⬦815(1)—Pleading ⬦8(7), 193(9)—Complaint on mutual benefit certificate held not demurrable for failure to set out insurance agreement, or as stating conclusion.**

Petition on a mutual benefit certificate claiming of defendant the amount of the certificate, and alleging that it was issued by defendant on certain date, and that by it agreed to pay to plaintiff the amount thereof, and another count, alleging plaintiff sued on a policy whereby defendant insured decedent for life, were not demurrable for failure to set out the agreement contained in the policy, nor as stating a conclusion of the pleader in not setting out the agreement.

**2. Infants ⬦92(1)—Counts in complaint held in proper form for minor suing by next friend.**

Counts in a complaint, stating that plaintiff R., minor, who sues by her next friend, C., claims, etc., were in proper legal form for a minor suing by next friend.

**3. Time ⬦5—"Month," as used in beneficiary certificate, held a calendar month.**

In a mutual benefit contract of insurance, the words referring to payment of premiums, "monthly installment," and "following month," and "monthly payment," the word "month" referred to calendar month, in absence of context or agreement indicating otherwise.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Month.]

**4. Insurance ⬦726—Mutual benefit certificate construed strongly against assurer.**

Beneficiary certificates, when subject to two or more constructions, will be construed most strongly against the assurer and in favor of the assured.

**5. Insurance ⬦753(1)—Payments held sufficient to prevent forfeiture of mutual benefit certificate.**

Mutual benefit certificate dated December 15, 1919, held not forfeited for nonpayment of premiums, where the receipts showed a payment on December 31, 1919, and entries of two similar payments on January 28, 1920, the death of assured occurring February 24 or 25, 1920, and the certificate containing a provision for a period of grace in case of death of member not in arrears exceeding 30 days.

**6. Evidence ⬦252—Affidavit accompanying proof of loss held not admissible on insurer's behalf.**

An affidavit accompanying proof of loss under mutual benefit insurance was not admissible in behalf of the insurer against the beneficiary, where the affiant was in court, the beneficiary not having authorized or sent the affidavit, but affiant, a relative, having merely gone to W., to whom beneficiary had given the proof of death, and made affidavit of his own motion or at the instance of W.

**7. Evidence ⬦373(2)—Predicate held sufficient to authorize introduction of receipt book of insurance premiums.**

A receipt book required and provided by an incorporated mutual benefit insurance society to be used in making payment of premiums was admissible on predicate showing such fact, and that the beneficiary had probably transmitted it to the society with proof of the assured's death, and that it was produced at the trial by the counsel for the society.

**8. Evidence ⬦414—Proof of date of delivery of benefit certificate held subject to parol proof.**

Under the requirements of a mutual benefit insurance contract and the constitution and laws of the society requiring proof of true date of delivery of the certificate, such proof might be made by parol.

**9. Evidence ⬦16—Judicial notice taken of abbreviation showing payments and date thereof.**

Where a receipt book required to be sent with remittances of premiums by a member of mutual benefit society stated "monthly premiums $1.60; date premiums paid, December '12-31,'" with signature of collector with like entry for 1920, " '1-28' " with another entry of same amount of premium also, " '1-28,' " the court will judicially know that the abbreviations unexplained were receipts of payments of pre-

miums of $1.60 on December 1, 1919, and of $3.20 on January 28, 1920.

**10. Insurance ⬤⟿753(2)—Facts held sufficient to induce member to believe that officer was authorized to receive payments.**

Payments entered in receipt book in apparent due course of business, and by the same officer who acknowledged the beneficiary's first payment, were exercise or continuation of initial authority, and the acceptance of the benefits by the society was sufficient to induce the member reasonably to believe that the authority continued to receive subsequent premiums.

**11. Insurance ⬤⟿817(2)—Receipt of premiums held sufficient to require benefit society to prove lack of officer's authority to receive them.**

In absence of testimony to the contrary, entry of subsequent payments in a receipt book of member of a benefit society by the same officer who had received initial payments was sufficient acknowledgment of payments to cast on the society the burden of going forward with evidence denying such authority and payment.

**12. Insurance ⬤⟿819(2)—Evidence held insufficient to overcome evidence of payment of premiums.**

Evidence of payment of premiums by member of mutual benefit order *held* not overcome by unauthorized indorsements on the proof of death.

**13. Witnesses ⬤⟿204(2)—Proofs of death and receipt book held competent evidence and not privileged communications.**

In action on mutual benefit policy, admission in evidence of the proof of death and the premium receipt book of decedent from the defendant's attorney, to whom the documents were transmitted by defendant's general attorney, brought in in response to a subpœna duces tecum, was proper and not within the rule of privileged communications, but was of evidence intended to be produced on due notice by the adverse party.

**14. Insurance ⬤⟿720—Beneficiary certificate not effective until delivery and acceptance.**

A beneficiary certificate did not take effect until due delivery and acceptance pursuant to its terms requiring such delivery during life and good health of the member.

**15. Insurance ⬤⟿799—Accrual of interest on nonpayment held not affected by certificate limiting time to sue.**

The clause in the beneficiary certificate limiting time within which suit may_be brought had no effect on the time within which interest began to accrue for nonpayment of the beneficiary certificate.

**16. Insurance ⬤⟿799—Interest ⬤⟿39(3)— Beneficiary held entitled to interest.**

Beneficiary suing on mutual benefit certificate should be given interest thereon from date defendant filed initial pleading resisting payment to the date of the judgment, after which under Code 1907, § 4621, the amount of the certificate with such interest should draw interest to date of rendition of judgment of affirmance in the Supreme Court.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action by Rena Reed against the Sovereign Camp of the Woodmen of the World. Judgment for plaintiff, and defendant appeals. Reversed and remanded conditionally.

Counts 4 and 5, upon which the case was tried, are as follows:

"Count 4. The plaintiff, Rena Reed, a minor who sues by her next friend, Della Canada, claims of the defendant corporation the further and other sum of $1,000 due on a policy whereby the defendant on the 31st day of December, 1919, insured, for the term of his life, the life of Forney T. Reed, who died on the 24th or 25th day of February, 1920, of which defendant has had notice, and said policy is the property of the plaintiff; and plaintiff also claims of the said defendant interest on the said sum of $1,000 at the rate of 8 per cent. per annum, from the 11th day of May, 1920, when the said sum of $1,000 became due and payable under the terms of said policy.

"Count 5. The plaintiff, Rena Reed, a minor, who sues by her next friend, Della Canada, claims of the defendant corporation the further and other sum of $1,000 due on a certificate of insurance issued by the defendant to Forney Reed on, to wit, the 31st day of December, 1919, in and by the terms of which the defendant agreed to pay to the plaintiff, who was the wife of the said Forney Reed, the sum of $1,000, upon his death, and plaintiff avers that the said Forney Reed died on, to wit, the 24th or 25th day of February, 1920; that the defendant has had notice of his death, and that said certificate of insurance is the property of the plaintiff; and plaintiff also claims of the said defendant interest on the said sum of $1,000 at the rate of 8 per cent. per annum, from the 11th day of May, 1920, when the said sum of $1,000 became due and payable under the terms of said policy."

To these counts the defendant interposed the following grounds of demurrer, originally interposed to counts 1, 2, and 3:

"(1) Plaintiff fails to set out the agreement which she alleges was contained in the policy of life insurance.

"(2) Because the allegation of the agreement contained in the policy of life insurance is a conclusion of the pleader and the agreement is not set out.

"(3) Because the agreement alleged to be contained in said policy is not set out in the complaint.

"(4) For aught that appears in said complaint, there are other provisions in the policy of life insurance which preclude the plaintiff from any claim thereunder.

"(5) Plaintiff fails to show that the policy of life insurance was in force and effect at the date of the death of said Forney Reed.

"(6) It does not appear by the amendment

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

that the suit is by Della Canada as the next friend of Rena Reed."

Plea 2, as originally filed, read:

"The instrument sued on contains the following condition or provisions:

" 'All premiums are payable at the home office of this society but may be paid to the authorized representative of the society, such payments to be recognized by the society must be entered at the time of payment in the premium receipt book belonging with this certificate. If for any reason the premium be not called for when due by the authorized representative of the society, it shall be the duty of the member before said premium shall be in arrears thirty days to bring or send said premium to the home office of the society or to one of its local representatives. If the premiums are not paid as herein specified, this contract shall become null and void.'

"Defendant alleges that the said Forney T. Reed paid the premium for December, 1919, which payment was due and promptly entered in the receipt book belonging with said certificate, but that no other payments were made by said Forney T. Reed during his lifetime, wherefore said policy or certificate became null and void."

The following amendment to the plea was filed April 8, 1921:

"Comes defendant and amends plea No. 2 by inserting therein at the beginning the following:

"The instrument sued on also contains the following condition or provision: 'Schedule herein referred to certificate No. 119411 Camp No. 55; name of member, Forney T. Reed; age next birthday, 23 years; monthly premium, $1.60; death benefit, $1,000.00; accidental death benefit, $2,000.00; beneficiary, Rena Reed. This certificate is granted in consideration of the monthly premium stated in the schedule and the payment of a like amount on or before the first day of each consecutive month thereafter during the continuance of this contract, and the further consideration of the delivery of this certificate during the lifetime and good health of the member.' "

The minute entry of April 8, 1921, among other things, recites that—

" * * * Thereupon the plaintiff demurs to defendant's plea 2 as answer to counts 4 and 5 of said complaint upon the grounds specifically set forth in said demurrers, and upon due consideration it is ordered and adjudged by the court that said demurrers to plea 2 as answer to counts 4 and 5 of said complaint be and the same is hereby sustained."

The defendant objected to the following portions of the oral charge of the court:

"When the plaintiff introduced the policy in this case, and made proof of the death of the insured if nothing more had happened, plaintiff at that point would have been entitled to a judgment for the amount of the policy with interest on the same."

"In case you find for the plaintiff, the form of your verdict is: 'We, the jury, find the issue in favor of the plaintiff, and assess her dam-ages at so much, which would be the amount of the policy, $1,000, and interest on it from the 11th day of May, 1921, up to the date of the trial, at 8 per cent.' "

"These written charges I am giving and refusing are intended to instruct you that this policy, though dated December 15, 1919, was not delivered until December 31, 1919, and did not take effect until delivered on the 31st of December, 1919."

The following charges requested by the defendant were refused by the trial court:

"(1) The court charges the jury that if they believe the evidence they must find a verdict for the defendant.

"(2) The court charges the jury that if you believe the evidence you cannot find a verdict for the plaintiff under the fourth count of the complaint.

"(3) The court charges the jury that if you believe the evidence you cannot find a verdict for plaintiff under the fifth count of the complaint.

"(4) The court charges the jury that Forney T. Reed is presumed to know the provisions of defendant's constitution and that his failure to pay the installment of assessment for the month of January, 1920, would mark a forfeiture of the policy or certificate.

"(5) The court charges the jury that under the entire contract Forney T. Reed should have paid an installment of assessment for the month of January, 1920, during January, and if you believe from the evidence that he failed to pay said installment during January, 1920, he stood suspended, and plaintiff cannot recover in this suit, and your verdict must be for the defendant."

C. H. Roquemore, of Montgomery, for appellant.

Counsel argue that the trial court erred in overruling defendant's demurrers to counts 4 and 5 of the complaint and in sustaining plaintiff's demurrers to defendant's special pleas, citing 206 Ala. 18, 89 South. 528; 89 South. 58; 206 Ala. 49, 89 South. 63. The plaintiff should not have been allowed to interrogate defendant's counsel, as a witness, when and where he got the affidavit and premium receipt book, as this was a violation of the rule for confidential communications. 196 Ala. 327, 71 South. 404.

Goodhue & Goodhue, of Gadsden, for appellee.

Counts 4 and 5 were not subject to the demurrers assigned thereto. 194 Ala. 681, 69 South. 884; 196 Ala. 330, 71 South. 404. The record shows no ruling on plea 2 as amended. If the policy was delivered on December 31, 1919, and initial payment made on that date, the next monthly premium would not become due and payable until January 31, 1920, and if deceased died on February 24, or 25, 1920, the premium could not have been in arrears 30 days. The provision for payment "on or before the 1st day of each con-

secutive month thereafter" means the 1st day of each consecutive calendar month. 46 Neb. 427, 65 N. W. 46, 30 L. R. A. 450, 50 Am. St. Rep. 617; 59 Ga. 392; 91 Me. 250, 39 Atl. 1027.

THOMAS, J. The trial and verdict rendered were on counts 4 and 5, added by way of amendment, plea of the general issue, special plea 2 as amended and as answer to said counts. Counts 2 and 3 were eliminated by the general affirmative charge requested in writing by the defendant.

[1, 2] Count 4 was not subject to the grounds of demurrer assigned. Eminent Household, etc., v. Gallant, 194 Ala. 680, 69 South. 884. Count 5 was likewise free from demurrer assigned. Sovereign Camp v. Ward, 196 Ala. 327, 330, 71 South. 404. These counts, added by way of amendment to the complaint, were by a minor suing by a next friend, and were in form required by law of such suits. Smith v. Yearwood, 197 Ala. 680, 73 South. 384; Robinson Lumber Co. v. Sager, 199 Ala. 675, 75 South. 309; Alabama Power Co. v. Hamilton, 201 Ala. 62, 66, 77 South. 356; Wynn v. Hoffman, 203 Ala. 72, 73, 82 South. 32.

[3] There was no prejudicial error in ruling on pleadings as shown by the judgment entry. We cannot consider the ruling as on demurrer to plea 2 as amended, as an answer to counts 4 and 5 added to the complaint by way of amendments. In the contract are employed the words, referring to the payment of premiums, "monthly installment," "following month," and "monthly payment"; the word "month," as so used in the beneficiary certificate and exhibits thereto or documents incorporated therein by agreement of the parties, had reference to a calendar month. This is the usual acceptation of the word "month," unless it appears in the context to have been intended otherwise. Bartol v. Calvert, 21 Ala. 42, 46; Doyle v. First National Bank, 131 Ala. 294, 30 South. 880, 90 Am. St. Rep. 41; Oberhaus v. State ex rel. McNamara, 173 Ala. 483, 55 South. 898; Sheets v. Seldon, 2 Wall. 177, 17 L. Ed. 823; Guaranty Trust, etc., Co. v. Green Cove etc., Co., 139 U. S. 137, 11 Sup. Ct. 512, 35 L. Ed. 116, 119; McGinn v. State, 46 Neb. 427, 65 N. W. 46, notes to 30 L. R. A. 450, and 50 Am. St. Rep. 617; Daley v. Anderson, 7 Wyo. 1, 48 Pac. 839, note to 75 Am. St. Rep. 870; Guaranty Trust, etc., Co. v. Buddington, 27 Fla. 215, 9 South. 246, 12 L. R. A. 770 note; 3 R. C. L. p. 1214; 26 R. C. L. p. 732; 38 Cyc. 311.

[4] A general rule of construction of beneficiary certificates and policies of insurance, when subject to two or more constructions, in the same will be taken most strongly against the assurer and in favor of the assured. Such is the construction that is given to ambiguous terms in constitutions, laws, and by-laws of a mutual benefit society as made a part of beneficiary certificates, if the same be of doubtful import. Woodmen v. Alford, 206 Ala. 18, 89 South. 528, 533; Union Central v. Johnson, 198 Ala. 488, 73 South. 816; Cherokee Life Co. v. Brannum, 203 Ala. 145, 82 South. 175.

[5] When the contract sued on is so construed, and the advance payment of $1.60 as a monthly premium on December 31, 1919, is held to be for the calendar month to follow, no forfeiture ensued for nonpayment of premiums. The receipt book in evidence indicated the payment of a like sum on January 28, 1920, and on the same date an additional sum of $1.60. If these payments were properly made to the defendant as premiums on the beneficiary certificate, the same was extended and in force to and within the month of March. The death of assured was on February 24 or 25, 1920, within the life or term of the beneficiary certificates under foregoing facts. However, if the payment of $1.60 on December 31, 1919, be held to have been for premiums accruing on the certificate from its date of December 15, 1919, to that of its delivery on December 31st, when the clause of the contract is given application, providing for the continuing in force of such contracts of insurance, there was no forfeiture that avoided the policy. A "period of grace" is thus provided in the beneficiary certificate:

"All premiums are payable at the home office of the society, but may be paid to an authorized representative of the society; such payments to be recognized by the society must be entered at the time of the payment in the premium receipt book belonging with this certificate. If for any reason the premium be not called for when due, by the authorized representative of the society, it shall be the duty of the member before said premium shall be in arrears thirty days, to bring or send said premium to the home office of the society or to one of its local representatives. If the premiums are not paid as herein specified, this contract shall become null and void.

"*Period of Grace.*—Should the death of the member occur while any premium hereon is in arrears, not exceeding thirty days, the society will pay the amount of benefit provided herein, subject to the conditions of the certificate."

[6] To this phase of the case and evidence relating thereto we will advert, after passing upon several of the rulings in the admission and rejection of documentary evidence at the trial. A relation of the beneficiary (Opie Reed) was in attendance at the trial and may have been subject to examination as a witness by the party so desiring, and he was not made a witness. Defendant, however, sought to have read in evidence the affidavit of said Reed, which was said to have been received by defendant with the proof of death. Objection to the introduction in evidence of this affidavit was made by plaintiff and sustained by the court. This effort to give the affidavit in

evidence, rather than call the affiant as a witness, was not by way of his impeachment, or contradiction of any other witness under the rules obtaining in such matters. The court suggested that, if the facts alleged to be contained in the affidavit were desired by the defendant, the affiant was present and might be called as a witness and examined in relation thereto; that course was not adopted by the defendant. The beneficiary named in the certificate (making the proof of death) testified (and as to this was not contradicted) that she did not authorize or send the affidavit in question as a part of her proof of death; that she gave the proof of death to Mr. Webster. The mere fact that Reed went with beneficiary to Webster when proof of death was made did not authorize Reed, of his own motion or at the instance of Webster, to make the affidavit and deliver the same as a part of the proof of death. If the matter incorporated in the affidavit was evidence for defendant, it should have been offered on the trial, under the rules governing the introduction of evidence viva voce. The effect of plaintiff's evidence and reasonable inferences to be drawn therefrom, on the fact of payment of premiums for the calendar months immediately succeeding December 31, 1919, cast on the defendant the burden of going forward with the evidence on the issue of payment vel non. Starks' Case, 190 Ala. 245, 67 South. 440; Lawson v. Mobile Elec. Co., 204 Ala. 318, 85 South. 257.

[7] The predicate was sufficient to authorize the introduction in evidence of the receipt book, indicating the payments and the date thereof of the several premiums. Such a book was required and provided by defendant to be used in making the payment of premiums. The evidence of Mrs. Rena Reed was sufficient to afford a reasonable inference of its transmission to the home office with the proof of assured's death; it was produced at the trial by counsel for defendant. We find no evidence contradicting the prima facie effect of the entries of payment of premiums shown by the receipt book.

[8] There was no error in admitting in evidence the beneficiary certificate along with the evidence showing the true date of the delivery and acceptance of the same. Under the terms of the contract, that of the constitution, laws, and by-laws made a part thereof by specific reference, compliance of such contract terms by defendant necessitates proof of the true date of delivery and acceptance, and this was the subject of parol proof. Formby v. Williams, 203 Ala. 14, 19, 81 South. 682.

[9] In response to subpœna duces tecum, defendant produced at the trial the several documents indicated, one of which was the premium receipt book. That book was admitted in evidence with the beneficiary certificate (and referred to in the policy or certificate) and recited that it was of defendant; that its district manager was Daniel Webster; that the certificate on the life of assured and the monthly premiums were $1.60, and that all premiums paid must be entered on said book, and which may be paid at the branch office indicated, and—

"If the deputy does not collect the premiums when due send it to the branch office or to the home office in Omaha, Neb. Express or postal money orders should be payable only to the Woodmen of the World. Always send this receipt book with your remittance. Monthly premiums $1.60. Date premiums paid were December, when paid '12–31,' signature of Collector 'J. W. Cohron.' Monthly premium $1.60, date premiums are paid were 1920 for month of January, when paid '1–28,' signature of collector 'J. W. Cohron,' monthly premium $1.60, date premiums paid for 1920 February '1–28,' signature of collector 'J. W. Cohron.' Be safe and keep premiums paid in advance."

We judicially know that the abbreviations unexplained (as we have indicated) entered therein were or purported to be of receipts of the three payments of premiums in the sum of $1.60 on December 31, 1919, and the sum of $3.20 on January 28, 1920.

[10, 11] The subsequent payments entered in apparent due course of defendant's insurance business, and by the same officer who acknowledged the first payment, were exercise or continuation of this initial authority; and the acceptance of the benefit accruing therefrom to defendant was sufficient to induce assured to. the reasonable belief that like authority continued to receive and receipt for subsequent premiums. South. States, etc., Co. v. Kronenberg, 199 Ala. 164, 74 South. 63. In the absence of testimony to the contrary, the subsequent payments entered on the receipt book were (prima facie) a sufficient acknowledgment of payments and receipts thereof by defendant, as to cast upon the latter the burden of going forward with the evidence denying such authority and receipt of payments of premiums. South. States etc. Co. v. Kronenberg, 199 Ala. 164, 74 South. 63. This burden the defendant did not discharge. Sovereign Camp W. O. W. v. Adams, 204 Ala. 667, 86 South. 737.

[12] This prima facie effect of evidence tending to show subsequent payments of premiums was not overcome by the indorsement purported to have been made or contained in the proof of death. The beneficiary testified to the effect that she made no such indorsement or authorized another to indorse thereon the statement that "only first payment was made by assured or authorized by beneficiary." The entry of such a statement on the proof of loss or death was under question No. 16, "State the name and residence of every physician who has attended deceased during the past two years," answer, "Dr. Guy Stewart, Attalla, Ala. Dr. J.

M. McElroy, Attalla," and before the question and answer No. 17, "Was deceased married or single," "Married," was irregular and tended to support the testimony of beneficiary. We are of opinion that it was not sufficient to overturn the evidence tending to show the payments of premiums for the calendar months.

The undisputed evidence showed the due issue of the beneficiary certificate to the husband of plaintiff, insuring him for life; that he died on February 24 or 25, 1920, and of his death due notice was given. And there was no plea denying the execution of the policy. The certificate and proof of death in evidence made a prima facie case of liability. The burden of going forward with the evidence showing forfeiture of the certificate for failure of conditions subsequent that rendered the policy null and void at the time of the death of the assured was upon defendant, who failed in that proof. There was no evidence that subsequent payments were not made before default and that by reason thereof under the terms of the certificate it was null and void on the date of the death of assured. Sovereign Camp, etc., v. Adams, 204 Ala. 667, 86 South. 737, 741(10); Manhattan Life Ins. Co. v. Verneuille, 156 Ala. 592, 47 South. 72.

The provisions of the certificate which render it null and void are:

"*Certificate When Void.*—This certificate shall be void; (a) if any certificate previously issued by this society on the life of the member shall be in force on the date hereof unless the existence of such previous certificate be noted by an endorsement hereon, signed by the Sovereign Commander or Sovereign Clerk of the society, and the society shall not be presumed or held to know of the issuance of any prior certificate, and the issuance of this certificate shall not be deemed a waiver of this condition; (b) if the member before this date has been attended by a physician for, or has had before said date any tubercular disease or consumption or chronic bronchitis, or cancer, or epilepsy, or disease of the brain, heart, liver or kidneys, and the testimony of any physician to, or medical adviser of the member as to such disease or complaint shall be admissible in evidence.

"If for any cause the certificate shall be or become void all premiums paid thereon shall become forfeited to the society except as provided herein."

No such default is pleaded or shown under last-quoted provisions of the certificate, rendering it void. Sovereign Camp v. Adams, 204 Ala. 667, 86 South. 737.

On the 15th day of December, 1919, defendant company issued at its office the certificate or policy of insurance sued on and sent it for delivery to Fordney Reed in this state, and it was delivered to him on the 31st day of December, 1919, upon the payment by him of $1.60. This certificate of insurance contained the clause:

"This certificate is granted in consideration of the monthly premium hereinbefore stated in the schedule and of the payment of a like amount on or before the 1st day of each consecutive month thereafter during the continuance of this contract, and the further consideration of the delivery of this certificate during the lifetime and good health of the member."

—and the condition for "Period of Grace," quoted above, and that recognized and provided as follows:

"If, for any reason, the premium be not called for when due by the authorized representative of the society, it shall be the duty of the member, before said premium shall be in arrears thirty days, to bring or send said premium to the home office of the society, or to one of its local representatives. If the premiums are not paid as herein specified, this contract shall become null and void."

The constitution and by-laws of the defendant in evidence provided:

"Sec. 57. The liability of the Sovereign Camp for the payment of benefits on the death of a member shall not begin until after his application shall have been accepted by a Sovereign Physician, his certificate issued, and he shall have:

"First. Paid all entrance fees.

"Second. Paid one or more advance annual assessments and dues or one or more advance monthly installments of assessments and dues, known as Sovereign Camp fund; also signed his certificate and acceptance slip attached thereto.

"Third. Paid the physician for medical examination.

"Fourth. Been obligated or introduced by a camp or by an authorized deputy in due form.

"Fifth. Had delivered to him, in person, his beneficiary certificate while in good health.

"The foregoing are hereby made a part of the consideration for, and are conditions precedent to, the liability for the payment of benefits in case of death."

There are no pleadings or proof of a failure of either of the foregoing conditions precedent to an efficacious delivery of an efficient beneficiary certificate of insurance, or of failure of compliance with—

"Sec. 58 (a). Upon the delivery of a beneficiary certificate to an applicant he shall pay to the clerk of his camp an amount equal to the proportionate part of a monthly installment due from the date his certificate is dated by the Sovereign Clerk, and also pay one monthly installment for the following month for his age as provided in tables of rates in sections 60 and 61 of these laws, and one monthly payment of camp dues."

Fordney Reed died on the 24th or 25th of February, 1920, and under the evidence it is shown that the $1.60 paid on the 31st day of December, 1919, represents and is in full of what were the preliminaries required by section 58 (a) of the constitution and by-laws of the defendant. That is to say, if the

$1.60 that was paid by applicant upon the delivery of the beneficiary certificate represents an amount equal to the proportionate part of a monthly installment due from the date his certificate is dated by the Sovereign Clerk, and if it did not extend the certificate in force to January 28, 1920, by the payment of two additional sums, in like amount, on January 28, 1920, as the death occurred on the 24th or 25th of February, 1920, it was within the conditions of the policy providing for a 30-day "period of grace."

This is not only true when sections 57 and 58 (a) of the constitution are considered, but is true because of the general principle we have stated that—

"The term 'month' whether employed in statutes or contracts, and not appearing to have been used in a different sense, denotes a period terminating with the day of the succeeding month numerically corresponding to the date of its beginning less one. If 'there be no corresponding day of the succeeding month, it terminates with the last day thereof."

Refused charges requested by defendant in writing were contrary to the foregoing and properly and duly declined of instruction.

[13] The reception in evidence of the proof of death and the premium receipt book received from the defendant's attorney was an act in production of competent documentary evidence in response to a subpoena duces tecum (3 Bl. Comm. 382), and was not within the inhibitions of the rule of privileged communications, but was of evidence intended to be produced on due notice by the adverse party. Chapman v. Peebles, 84 Ala. 283, 4 South. 273; White v. State, 86 Ala. 69, 5 South. 674; M. & M. R. Co. v. Yeates, 67 Ala. 164; South. Bitulithic Co. v. Hughston, 177 Ala. 559, 569, 58 South. 450; 1 Greenl. on Ev. (14th Ed.) §§ 244, 245. The ruling in Sovereign Camp v. Ward, supra, had reference to the private correspondence—a letter directed to an official of the camp by its general attorney relating to a compromise of the claim. The documents produced on due notice at this trial were compelled by subpoena that may have been directed to the general attorney of the defendant; and the fact that its production was in response to subpoena or due notice to attorney of the defendant representing it at the trial, and to whom the documents were transmitted by the general attorney, did not bring these documents within the class and protection of privileged communications.

Where the oral charge is considered as a whole, no error was committed. There was no pleading denying the execution of the beneficiary certificate made the subject of the suit, nor is it denied that due notice of death of assured was given. Plaintiff made out a prima facie case, as instructed by the court, on the admission in evidence of that certificate or policy and the proof showing death of assured and due notice to defend-

ant. Sovereign Camp W. O. W. v. Adams, 204 Ala. 667, 672, 86 South. 737. There was no error in the portion of oral charge made the basis of first exception taken.

[14] The beneficiary certificate did not take effect until its due delivery and acceptance on December 31, 1919, pursuant to its terms —delivery during life and good health of that (assured) member. Cherokee Life Ins. Co. v. Brannum, 203 Ala. 145, 82 South. 175. Hence the third exception to the general charge is without merit, and the general affirmative charges requested by defendant as to counts 4 and 5 were properly refused.

A further exception reserved to the instruction contained in the oral charge to the effect that in event plaintiff recovers she was entitled to the amount of the beneficiary certificate "and interest on it from 11th day of May, 1921, up to the date of the trial at 8 per cent." The terms of the policy shedding light upon the time of payment are that "on receipt of due proofs of the death" of assured, "and upon surrender of this (the beneficiary) certificate and all receipt books"; that the proof of claim "shall be made on blanks to be provided by the society, and shall contain full answers of the claimant, physician and other persons to all the questions asked therein and shall conform to, all the requirements thereof," etc.; and that no suit shall be maintained to enforce the performance of the contract "until ninety days after the filing in home office of the society (Omaha, Neb.) proof of loss as herein provided, nor after one year from the date of such loss." The proof of loss is of date of March 11, 1920, showing death of assured on February 25, 1920; the suit was brought on June 21, 1920, and defendant filed its pleadings challenging or resisting payment, respectively, July 12, 1920, and April 6, 1921. The judgment was of date of May 3, 1921, for $1,078.22. The evidence fails to disclose when the proof of death, beneficiary certificate, and receipt book reached the home office of defendant at Omaha, Neb. It is fair to assume, under the issues made by the pleading, that it was received before the suit or defendant's pleading therein.

[15, 16] The clause in the beneficiary certificate limiting time within which suit may be brought had no effect on the time within which interest began to accrue for nonpayment of the beneficiary certificate. The amount thereof being $1,000, interest thereon at legal rate from date defendant appeared and filed initial pleading resisting payment (July 12, 1920) to the date of the judgment on May 3, 1921, the aggregate amount of the judgment should have been $1,064.67. That sum with interest (Code, § 4621) to date of rendition of this judgment is $1,187.56. The appellee will enter remittitur for $13.55, the excess interest included in judgment, within 10 days from rendition of this judgment; failing therein, the judgment is re-

versed, and the case is remanded. Cassels v. Ala. City, etc., Co., 198 Ala. 250, 73 South. 494; Cook v. Bell, 177 Ala. 618, 59 South. 273; Nixon v. Smith, 193 Ala. 443, 69 South. 117; United Order, etc., v. Richardson, 202 Ala. 305, 80 South. 370; Montgomery Light & W. Power Co. v. Thombs, 204 Ala. 678, 87 South. 205; United States Fidelity v. Millonas, 206 Ala. 147, 89 South. 732; Central of Georgia Ry. Co. v. Robertson, 206 Ala. 578, 91 South. 470; General Acts 1915, p. 610.

The judgment of the circuit court is reversed, and the case is remanded on condition; if remittitur is so entered, the judgment as modified is affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.