PeaesoN, C. J.
 

 The agreement was to forbear the collection of money for “twelve months;” and the question is, does it mean calendar, or lunar months.
 

 The rule in reference to these modes of computation was recently discussed,
 
 (Rives
 
 v.
 
 Guthrie,
 
 1 Jones’ Rep. 84,) and
 
 *93
 
 we consider it unnecessary to enter npon the subject again ; but shall content ourselves by presenting a general view, suggested by an examination of the authorities.
 

 In the “ civil law” computation by calendar months was adopted. In the “ common law” the computation was by lunar months, as a general rule, but it was subject to a very comprehensive exception. The dividing line was this; where the common law rested upon itself for its origin, or was not derived from the civil law, lunar months obtained ; that is, in the acts of parliament, in the proceedings of the common law courts, and in matters relating to real estate, the law, in regard to which, was derived from the feudal system, and rested upon it as a substratum. But where the common law was derived from the civil law, computation by calendar months obtained ; for instance, in the proceedings of the ecclesiastical courts; the law merchant, in contracts constituting money transactions, (like that under consideration;) bailments, and in reference to personal estate'generally; for in respect to those subjects, the rules of the civil law were adopted, with such modifications as were introduced by common custom, and such additions and alterations as were made by statutory enactment.
 

 By a recent statute the exception is extended, and in “ the construction of statutes,” a “ month” is now taken to mean a calendar month, unless otherwise declared. So that the computation by lunar months is confined within a narrow compass, and now makes the exception, and not the general rule; if, indeed, it be not entirely abolished by a liberal construction of the statute referred to. There is no error.
 

 Pee Curiam, Judgment affirmed.