STATE v. CHAS. D. UPCHURCH.

The Superior Courts have exclusive, original jurisdiction of misdemeanors arising under Sec. 19, Chap. 115, Laws of 1873–'74 —— failing to give in his poll for taxation.

"Thirty days," as used in ART. IV of the Constitution is not synonymous with "one month;" it may be more or less.

(Rives v. Guthrie. 1 Jones, 84; State v. Perry and Briggs, 71 N. C. Rep. 522, cited, approved and distinguished from this.)

CRIMINAL ACTION, for failing to give in and list his poll tax, tried at the January Term, 1875, of the Superior Court of WAKE county, before his Honor, Judge Watts.

The defendant was held to answer upon the following bill of indictment:

"NORTH CAROLINA, ⎫ *Superior Court.*

Wake County, ⎭ January Term, 1875.

The Jurors for the State upon their oath present: That Charles P. Upchurch, late of Wake county, on the first day of April, in the year of our Lord, one thousand eight hundred and seventy-three, at and in said county of Wake, was a male inhabitant of the State of North Carolina, over twenty-one and under fifty years of age, and was then and there a resident of and in Raleigh township, in the county aforesaid; and was then and there, subject and liable, under the Constitution and laws of the State, to a capitation tax of one dollar and five cents, for the year of our Lord, one thousand eight hundred and seventy-three, to be paid by the said Charles D. Upchurch to the State of North Carolina aforesaid.

And the Jurors aforesaid, upon their oath aforesaid, do further present, that the said Charles D. Upchurch, on the said first day of April, A. D., 1873, and on each and every day between the said first day of April and the 7th day of July, A. D., 1873, in the county aforesaid, did unlawfully and willfully omit, neglect, refuse and fail to give himself in and list his poll for taxation, either to or before the Township Board of Trustees of said township, or to and before the Board of Commissioners of said county of Wake: contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State.

J. C. L. HARRIS, Solicitor."

On the trial below, there being no traverse as to the facts, the jury returned a verdict of guilty: whereupon the defendant moved to arrest the judgment, on the ground that the Superior Court had not jurisdiction. His Honor upon consideration, being of opinion with defendant, allowed the mo-

tion and arrested the judgment. From this judgment, Solicitor Harris appealed.

*Attorney General Hargrove*, with whom was *Harris, Solicitor*, and *Haywood*, for the State.

*Snow* and *Purnell*, for the defendant.

RODMAN, J. By an Act ratified 28th of February, 1873, (Acts of 1872–'73, chap. 115, sec. 15,) the General Assembly enacted that " all persons who are liable for a poll tax, and shall wilfully fail to give themselves in, and all persons who own property and wilfully fail to list it within the time allotted, before the list taker and the county commissioners, shall be deemed guilty of a misdemeanor, and on conviction therefor, shall be fined not more than fifty dollars, or imprisoned *not more than thirty days.* The same provision is found in the Act of 1873–'74, chap. 133, sec. 19.

The bill of indictment in this case is for a violation of the above Act, and the only question presented to us is, whether the Superior Court, or a Justice of the Peace had jurisdiction to try the offender. The Constitution, Art. IV. Sec. 15, provides that the Superior Court shall have exclusive original jurisdiction of all criminal actions in which the punishment *may* exceed a fine of fifty dollars or imprisonment *for one month;* and sec. 33 gives to Justices of the Peace, under such regulations as the General Assembly shall prescribe, a like jurisdiction of all criminal matters arising within their counties, where the punishment *cannot* exceed such fine or imprisonment. So that the question of jurisdiction resolves itself into this, is " thirty days " synonymous with " one month," as used in this Article of the Constitution ? or rather may not thirty days exceed one month? For if it *may*, then the punishment may exceed the constitutional limit to the jurisdiction of a Justice, and the exclusive jurisdiction must be vested in the Superior Court.

We have not found in any modern case or any treatise on the law, any definition of the word " month " which makes it

synonymous with thirty days, or by which it cannot sometimes be a period less than thirty days. The modern authorities, which are very numerous, recognize but two sorts of months, lunar and calendar. The lunar month when spoken of in statutes consists of twenty-eight days ; a calendar month contains the number of days ascribed to it in the calendar, varying from twenty-eight to thirty-one. If the word in the Article cited means a lunar month, an imprisonment for thirty days would always exceed the constitutional limit. We are of the opinion however, that whatever the word month may mean in other parts of the Constitution, in this Article it must be held to mean a calendar month. In this State before the Act of 1854, Rev. Code, chap. 108, sec. 2, the word month meant in our statute, if not otherwise explained by the context, a lunar month. *Rives* v. *Guthrie*, 1 Jones, 84. That statute however, gives to the word a new definition, viz : that of a calendar month which we must suppose was the meaning intended in the Constitution of 1868, unless there be something to show the contrary. Assuming then that " month " means in this Article a calendar month, an imprisonment of thirty days will exceed a month whenever the judgment is rendered in February, (unless it be in a few of the last days' of the month) by one or two days, and will thus exceed the constitutional limit of a Justice's jurisdiction. We cannot suppose that the Gen eral Assembly intended to make the jurisdiction of the courts dependent upon the number of days in the particular month in which a criminal action might happen to be tried, and to shift from one court to the other, as the number was less than thirty, or equalled, or exceeded it. No reason can be imagined for requiring a criminal action for an offence, to be tried for one month in the year in a Superior Court, and in the other eleven months before a Justice of the Peace. Either the Superior Court or a Justice, must have a constant jurisdiction of the same offence. And as the punishment of the offence in question *can* and might often exceed that which a Justice has the right to impose, the jurisdiction must be at all times, exclu

sively in the Superior Court. The members of the General Assembly are familiar with the language of the Constitution. It is reasonable to suppose, that if they had intended to give jurisdiction to try this offence to a Justice, they would in limiting the punishment, have used the word in the Constitution, and not others, which though near it in meaning are yet substantially different. It may well be, that while they intended to limit the punishment to a moderate one, the variation was made expressly to exclude the jurisdiction of a Justice. At all events, we can only gather their intention from the words they have used, which express a different period of time from the word used in the Constitution. It must be observed that the offence under consideration here, is not expressly referred to, nor is jurisdiction of it expressly given to a Justice by the Act of 1873–'74, chap. 176, as was the case with the offence in the *State* v. *Perry & Briggs*, 71 N. C. Rep. 522. Consequently the reasoning in our opinion in that case, founded upon such express gift, would not be applicable here. The Superior Court has jurisdiction and the Judge below erred in arresting the judgment.

Judgment below reversed and the case is remanded to be proceeded in, etc.

PER CURIAM.                    Judgment reversed.