### STATE v. JAS. W. BUCK.

The Act of the 18th March, 1875, chap. 200, of the laws of 1874–'75, divesting the Superior Courts of jurisdiction of the offence of failing to list the poll for taxation, is an Act of Amnesty, and applies as well to acts committed before, as to those committed after its passage; and an indictment for such offence, found before the passage of the Act, will be dismissed, upon the payment of said tax and costs.

(*State* v. *Upchurch,* 72 N. C. Rep. 146; *State* v. *Blalock,* Phill. 242; and *Franklin* v. *Vernoy,* 66 N. C. Rep. 145, cited and approved.)

Indictment, for failing to list his poll tax, tried at Spring Term, 1875, of the Superior Court of Wake county, before his Honor, *Watts, J.*

The defendant was indicted at January Term, 1875, of Wake Superior Court, for failing to list his poll for taxation for the year 1873.

Since the indictment was found, the defendant has paid his poll tax for said year, and exhibited on the trial below, a receipt for the same; and also has paid into the office of the

Clerk of the Court, one dollar and fifty cents for costs, refusing to pay any more.

The defendant moved to dismiss the indictment, as under the circumstances the Court did not have jurisdiction. His Honor refused the motion, and the case was put to the jury, and the defendant convicted.

Judgment and appeal by defendant.

*Fowle* and *Battle & Son,* for defendant.
*Attorney General Hargrove* and *Haywood,* for the State.

READE, J. The case of *State* v. *Upchurch,* 72 N. C. Rep., 146, is an express authority that the Superior Court has jurisdiction unless the act of 18th March, 1875, chap. 200, ousts the jurisdiction. The title of said act is " An act to divest the jurisdiction of the Superior Courts," &c. This clearly expresses the purpose of the act.

The rule is, to give to legislation a prospective operation unless the intent is clear to the contrary. So that the meaning of the act is, that all prosecutions for offences of the kind *after* the act, shall be cognizable before a Justice of the Peace, and not before the Superior Court, unless for some other reason the Justice of the Peace should not acquire jurisdiction.

But the question before us is, what is the effect of the act upon *pending* indictments for offences committed *before* its passage ? The third section of said act is as follows :

" SEC. 3. That the Solicitors of the several districts are hereby required to dismiss all indictments now pending under the sections referred to in section one, of the act, upon the exhibition by the defendant of his tax receipt for such year or years for which indictments have been found against him, and the payment of the costs," &c.

For the defendant it is insisted that the act under which the indictment was found, (making a failure to list a poll tax a misdemeanor,) if not " hasty legislation" did, at least, take the public by surprise, and involved many thousands of very poor

persons.   And what made it worse, was the fact, that it was the intention of the Legislature to make the offence cognizable before a Justice of the Peace, where the expense and trouble would be trifling; but, by carelessly fixing the limit of punishment at "thirty days" instead of "one month" imprisonment, the Justice of the Peace could not take jurisdiction; and the prosecutions had to be in the Superior Courts, where the costs and trouble made them cruelly oppressive.   As soon as the Legislature discovered this, it passed the act under consideration to remedy the evil by directing that the former acts be overruled by substituting "one month" for "thirty days," so as to be cognizable before a Justice of the Peace, and that pending indictments should be dismissed upon the payment of the tax, and one dollar and fifty cents costs.   And so the defendant insists that the act was intended to cure a mistake into which the Legislature itself had fallen, and which was unintentionally severe upon a large number of the poorest persons, and is to be treated as an *act of amnesty.*

For the State it is insisted that the third section of the act is *ultra vires;* that the legislative and judicial departments of the government are "separate and distinct;" and that the Court, having the possession of the case, cannot be controlled by the Legislature.

We fully recognize the propriety of the independent action of the several departments, each in its sphere, but yet, so as to harmonize, and not to jar.   We do not perceive that the intent or effect of the act in any way affects the independence of the judiciary; but the intent and effect are to co-operate with the Court in relieving a large number of citizens from oppression.   We consider the act a just and gracious one; and we administer it with pleasure.   *State* v. *Blalock,* Phil. R. 242; *Franklin* v. *Vernoy,* 66 N. C. Rep., 145.

To entitle the defendant to the benefit of the amnesty of the act it was necessary that he should exhibit his receipt that he had paid his tax; and that he should also pay $1.50 costs.

It will be certified to the Court below that the defendant is

entitled to be discharged upon exhibiting his tax receipt and paying $1.50 costs. Upon his failure to do this, there will be such further procedure as the law directs.

Let this be certified.

PER CURIAM. Judgment accordingly.