# Doyle v. First National Bank.

*Action upon a Promissory Note.*

1. *Promissory note; date of maturity.*—A note which is executed on "November 11, 1899," and is made payable "six months fixed after date," matures on the 11th day of May following; and such note is subject to protest for non-payment on that date.

APPEAL from the City Court of Birmingham.
Tried before the Hon. CHARLES A. SENN.

This was an action brought by the appellant against the appellee to recover damages for the alleged wrongful protest of a note by said bank, made and executed by the plaintiff. There were many pleas and demurrers thereto and several rulings of the trial court upon the pleadings, but under the opinion on the present appeal it is unnecessary to set out these pleadings and rulings

thereon. The facts of the case are sufficiently stated in the opinion.

On the trial of the cause after the introduction of all the evidence, the court, at the request of the defendant, gave the general affirmative charge in its behalf, to the giving of which charge the plaintiff duly excepted.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

F. E. BLACKBURN, for appellant, cited *Turner v. Patton*, 49 Ala. 408; *City Council v. Adams*, 51 Ala. 449; *E. T. V. & G. R. R. Co. v. Johnson*, 75 Ala. 604; *Ins. Co. v. Ins. Co.*, 95 Ala. 469; *Buyck v. Schwing*, 100 Ala. 359; *Bank v. Nelson*, 105 Ala. 180; *Tubb v. Ins. Co.*, 106 Ala. 660; *Brown v. Foster*, 113 Mass. 136.

E. J. SMYER, *contra*, cited 1 Daniel on Negotiable Instruments, 500 (2d ed.); (4th ed.), § 633; *Bank v. Woolsey*, 48 N. Y. 148; *Dumford v. Patterson*, 7 Mart. (La.) 460; s. c. 12 Am. Dec. 514; *Bank v. Barry*, 17 Mass. 94; *Rochner v. Knickerbocker*, 63 N. Y. 163; *Bellinger v. Glenn & Co.*, 80 Ala. 190; *White v. Keith*, 97 Ala. 668; *Gindrat v. Bank*, 7 Ala. 333.

DOWDELL, J.—The plaintiff brought his action to recover damages from the defendant bank for an alleged wrongful protest by said bank of a note made and executed by plaintiff. The note in question reads as follows:

"52.50. Birmingham, Ala. Nov. 11, 1899.

Six months fixed after date I promise to pay to the order of Mrs. E. L. Watts Fifty-two & 50-100 Dollars. Value received, with interest from maturity until paid. Payable at the First National Bank of Birmingham, Ala. The makers and endorsers of this note hereby expressly waive all right to claim exemption allowed by the constitution and laws of this or any other State, and agree to pay cost of collecting this note, including reasonable attorney's fees, for all services rendered in any way,

in any suit against any maker or endorser, or in co.
lecting or attempting to. collect, or in securing or i
attempting to secure this debt, if this note is not pa⁻
at maturity. Notice and protest on the non-payment oı
this note is hereby waived for each maker and en-
dorser.

[Signed] Mark Doyle."

The endorsements on the note were as follows: "E.
L. Watts," and, "Pay to First National Bank or order,"
signed, "Industrial Ins. Co., Sam T. Hurst, Jr.,
Cashier."

The note was protested for non-payment on May 11th,
1900. It is conceded that by the terms of the note,
"six months fixed after date" precluded the idea of days
of grace, and it is not contended by appellant that he
was entitled to the three days of grace, nor is it contend-
ed that the provision contained in the note, waiving no-
tice and protest, took away from the holder the right
to have the same protested for non-payment on the
day of its maturity.—*Bellinger & Ralls v. Glenn, Brock-
way & Co.,* 80 Ala. 190; *White v. Keith,* 97 Ala. 668.

The vital question in this case is as to whether or
not the note was protested before its maturity, the con-
tention of the appellant being that the note did not
mature until the 12th day of May, whereas it was pro-
tested on the 11th day, and the contention of appellee
being that the note matured on the 11th, the day of its
protest for non-payment. By the terms of the note it be-
came due and payable six months after date. In *Donegan
v. Wood,* 49 Ala. 252, upon a similar question, it was held,
in computing the time, that the day of the date of the
note should be excluded. It was there said: "In this
case the bill is dated on the 30th day of January, 1861,
and is payable twelve months *after date.* This lan-
guage excludes the day of the date, which would make
the day of payment, exclusive of the days of grace, fall
on the 31st day of January, 1862." We approve of
what was there said as to the exclusion of the day of
date in computing the time, but it is quite evident that
the court fell into an error in its computation. There
can be no question that when a note is payable so many

months after date, that calendar months are intended. If in the present case the day of the date of the note, that is the 11th day of November, be excluded from the computation, and beginning with and including the 12th day of November, the six months would expire on and with the 11th day of May, succeeding. If, as contended by appellant, the 12th day of May was the day of maturity and payment, the maker would then be given, instead of six months according to the terms of the contract, six months and a day. From this it will be seen that a correct computation of time, excluding the day of the date of the instrument, would fix the maturity of the note on the 11th day of May following, and the same would be subject to protest for non-payment on that date. See 4 Am. & Eng. Ency. Law (2d ed.), 369; *Hartford Bank v. Barry*, 17 Mass. 94; *Rochner v. Knickerbocker*, 63 N. Y. 163. This view of the case renders it unnecessary to notice the other assignments of error, as the errors complained of, if errors at all, are without injury.

Affirmed.