163 So. 861

## DANIEL v. ORMAND.

### 6 Div. 572.

Court of Appeals of Alabama.
April 16, 1935.

Rehearing Denied June 4, 1935.

M. B. Grace, of Birmingham, for appellant.

Taylor & Higgins and Chas. M. Hewitt, all of Birmingham, for appellee.

442

RICE, Judge.

With us, the word "month," unless otherwise expressed, means a "calendar month" (Code 1928, § 9; Sovereign Camp, W. O. W., v. Reed, 208 Ala. 457, 94 So. 910), which, according to Webster's New International Dictionary, means "the time from any day of any of the months as adjusted in the calendar to the corresponding day (if any; if not, to the last day) of the next month."

It was requisite that the appeal in this case be taken "within six months from the rendition of the judgment" (Code 1928, § 6127); otherwise, it would be our duty to dismiss it ex mero motu. McKenzie v. Jensen, 200 Ala. 191, 75 So. 939; Code 1928, § 7318. And, of course, the "judgment" may be, as here, that refusing appellant's motion for a new trial. Code 1928, §§ 6088, 6433.

The judgment overruling appellant's said motion was rendered on April 22, 1933. Appellant instituted his appeal by "giving security for the costs of the appeal" (Code 1928, § 6101) on October 23, 1933; October 22, 1933, falling on Sunday. Code 1928, § 13. We hold the appeal was taken within the time prescribed by law. Doyle v. First National Bank, 131 Ala. 294, 30 So. 880, 90 Am. St. Rep. 41.

The appeal is on the record proper, without bill of exceptions.

The general affirmative charge was given at appellee's request.

Numerous pleas, affording a complete answer to the complaint, were interposed and no demurrer lodged against same, or any of same.

The only questions presented properly for our consideration are those arising out of the action of the trial court in overruling appellant's demurrers to appellee's pleas 6 and 8.

As said by Mr. Justice Thomas, for the majority of the Supreme Court in the case of Black v. Sloss-Sheffield Steel

& Iron Co., 202 Ala. 506, 80 So. 794, so we repeat, as applicable here (Code 1923, § 7318): "In the instant case, no nonsuit having been taken because of adverse rulings on the pleadings, and [the cause] having proceeded to trial on the merits, the general affirmative charge, given for defendant on its [his] written request, being the only charge requested and given, was, for aught that the record discloses, given because of the failure of evidence to support the complaint. The same presumption would be indulged as to no evidence being offered in support of any of defendant's pleas, and no prejudicial error as to any ruling on demurrer to pleas. Harrell v. Hooks [16 Ala. App. 571], 80 So. 145."

And see Street v. Treadwell et al., 203 Ala. 68, 82 So. 28.

The judgment is affirmed.

Affirmed.