ARTIS LECK KENNEDY v. PILOT LIFE INSURANCE COMPANY

No. 6919SC36

(Filed 26 February 1969)

1. Insurance § 44— action on medical policy — computation of time for benefits — "month" defined

Under group medical expense policy providing that the employee shall be eligible for insurance on the day immediately following the completion of one month of continuous and active employment, plaintiff employee is not entitled to benefits under the policy where he begins work on July 8

and his son is hospitalized for injuries on August 7, the word "month" signifying a calendar month and not a thirty-day or lunar month.

**2. Time— "month" used in statutes**

When the word "month" is used in the General Statutes, it is to be construed to mean a calendar month, unless otherwise expressed. G.S. 12-3.

**3. Time— "month" defined**

Unless an intention to the contrary is expressed, the word "month" signifies a calendar month, regardless of the number of days it contains.

APPEAL by defendant from *Crissman, J.,* 23 September 1968 Session, RANDOLPH Superior Court.

This is an action to recover medical expense benefits from defendant under a group insurance policy issued to plaintiff's employer, Leward Cotton Mills.

During the week before Monday, 8 July 1963, plaintiff applied and was accepted for work at Leward Cotton Mills, and was to report for work on Monday, 8 July 1963. On the same date that he applied for work, plaintiff signed an application for insurance coverage, including coverage for dependents, under defendant's group insurance policy. The policy contains the following provision:

"Each such person shall be eligible for insurance hereunder on the date of issue of this policy, except that if the employment of such person with the Policyholder commences after February 11, 1960, *he shall be eligible for insurance hereunder on the day immediately following the completion of one month of continuous, active employment* with the Policyholder." (Emphasis added.)

With respect to the effective date of coverage, the policy provides:

"The insurance of any person hereunder *shall become effective* on

"(a) The date *on which he first becomes eligible* for such insurance . . ." (Emphasis added.)

With respect to medical expense benefits the policy provides:

"If any person or an eligible dependent of any person shall become confined as a registered bed-patient in a hospital . . . and *if such confinement commences while insurance for Hospital Expense Benefits is in force under this policy* . . . Pilot Life shall pay. . . ." (Emphasis added.)

Plaintiff first reported for work with Leward Cotton Mills on 8 July 1963, and remained in its continuous active employment for several months. On 7 August 1963, plaintiff's son was hospitalized for injuries received that day in an accident.

The parties stipulated that if defendant is liable to the plaintiff, the benefits due are $509.94, with interest thereon from 1 December 1963.

The case was heard by Judge Crissman upon stipulated facts, and he concluded therefrom that plaintiff was entitled to recover, and accordingly entered judgment awarding to plaintiff the sum of $509.94, plus interest from 1 December 1963. Defendant appealed.

*Ottway Burton for plaintiff appellee.*

*Wharton, Ivey & Wharton, by Richard L. Wharton, for defendant appellant.*

BROCK, J.

[1]   The sole question involved in this appeal centers upon an interpretation of that portion of the group insurance policy which reads: "[H]e shall be eligible for insurance hereunder on the day immediately following the completion of one month of continuous, active employment with the Policyholder."

Plaintiff contends that this means he is covered under the policy on the day immediately following the completion of *thirty days* of continuous active employment. He argues that he commenced work on 8 July and completed thirty days of employment on 6 August; and, therefore, under the terms of the policy, he is entitled to medical expense benefits for his son's hospitalization which began on 7 August.

Defendant contends that the above quoted portion of the policy means that plaintiff's coverage began on the day immediately following the completion of *one calendar month* of continuous active employment. Defendant argues that plaintiff commenced work on 8 July and completed one calendar month of employment on 7 August; and, therefore, under the terms of the policy, plaintiff would be entitled to medical expense benefits only for hospitalization which began on or after 8 August. Defendant argues that plaintiff's son's hospitalization began before he became covered under the policy and therefore defendant is not liable to plaintiff under the policy.

It seems that plaintiff contends there are three kinds of months: (1) a lunar month, (2) a calendar month, and (3) when neither lunar nor calendar is specified, a thirty-day month. Apparently the trial judge adopted this view.

A disposition of this case requires that we determine what period of time is intended, absent any explanation, when the word "month" is used in an insurance contract.

[2]    In North Carolina, when the word "month" is used in our General Statutes it is to be construed to mean a calendar month, unless otherwise expressed. G.S. 12-3. In 1875 our Supreme Court stated: "We have not found in any modern case or any treatise on the law any definition of the word 'month' which makes it synonymous with thirty days . . ." *State v. Upchurch,* 72 N.C. 146. In 1891 our Supreme Court, in ruling upon the time within which an action could be instituted under the terms of an insurance policy which provided that actions must be commenced within twelve months, stated: "Twelve months, in the absence of a legislative definition of the word 'month,' must be interpreted, according to the ordinary popular understanding, as meaning twelve calendar (not lunar) months." And the court went on to observe: "The courts of this country have very generally adopted a different rule of construction from that which obtained in England before the Revolution, because the popular sense of the word 'month' was, in America, a calendar, not a lunar, month." *Muse v. Assurance Co.,* 108 N.C. 240, 13 S.E. 94.

Not since 1853, in the case of *Rives v. Guthrie,* 46 N.C. 84, have we found any indication by the Supreme Court of North Carolina that the word "month" is to be taken as meaning anything other than a calendar month, except where it might be specified as some type of month. Indeed, five years later, with two of the members of the 1853 Court still sitting, the Court approved an instruction to the jury that the word "month" in a contract, without explanation or addition, meant a calendar month. *Satterwhite v. Burwell,* 51 N.C. 92.

[3]    At early common law the term "month" meant a lunar month of twenty-eight days, but in the United States the common law rule was followed in only the early days of the republic. In the United States the term "month" is now universally computed by the calendar, unless a contrary meaning is indicated by the statute or contract under construction. Also, the term "thirty days" and the term "one month" are not synonymous, although where the particular cal-

endar month is composed of exactly thirty days the number of days involved happen to be the same. The word "month" has a clear and well-defined meaning, and refers to a particular time. Unless an intention to the contrary is expressed, it signifies a calendar month, regardless of the number of days it contains. *Guaranty Trust Co. v. Green Cove Railroad*, 139 U.S. 137, 11 S. Ct. 512, 35 L. Ed. 116; *State v. Upchurch, supra; Muse v. Assurance Co., supra; Daniel v. Ormand*, 26 Ala. App. 441, 163 So. 361; *Parseghian v. Parseghian*, 206 Ark. 869, 178 S.W. 2d 49; *Allbritten v. National Acceptance Co.*, 183 Kan. 5, 325 P. 2d 40; *Bohles v. Prudential Insurance Co.*, 83 N.J.L. 246, 83 A. 904; *Needham v. Moore*, 200 Tenn. 445, 292 S.W. 2d 720; *In Re Lynch's Estate*, 123 Utah 57, 254 P. 2d 454; 52 Am. Jur., Time, § 11, p. 336; 86 C.J.S., Time, § 10, p. 837; Annot., 97 A.L.R. 982 (1935).

[1]    We hold that, under the terms of the group insurance policy, plaintiff's coverage did not commence until 8 August 1963, one day after his son's hospitalization, and therefore defendant is not liable for the medical expense incurred. This may appear to work a hardship on plaintiff merely because the hospitalization was necessary on 7 August instead of 8 August, but we are not at liberty to rewrite the contract because of sympathy.

It follows that we disagree with the ruling of the trial judge, and the judgment appealed from is

Reversed.

CAMPBELL and MORRIS, JJ., concur.