Fred G. BURKE, on his own behalf and on behalf of all others similarly situated

v.

MATHIASEN'S TANKER INDUSTRIES, INC., in its own right and as a representative of American maritime carriers, and United States Coast Guard, and Rear Admiral B. F. Engel, Commander, 3d District United States Coast Guard.

Civ. A. No. 74–374.

United States District Court,
E. D. Pennsylvania.

April 29, 1975.

Harry Lore, Cohen & Lore, Philadelphia, Pa., for plaintiff.

Richard H. Elliott, Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for Mathiasen's Tanker Industries, Inc.

C. Oliver Burt, III, Asst. U. S. Atty., Philadelphia, Pa., for U. S. Coast Guard and R. Admiral B. F. Engel.

## MEMORANDUM AND ORDER

CAHN, District Judge.

Plaintiff, a citizen merchant seaman, seeks to collect penalty wages and to declare invalid certain regulations of the United States Coast Guard under which seamen's wages are computed.

Plaintiff was on foreign articles on defendant Mathiasen's "SS Sohio Resolute" from October 31, to December 5,

1973. On December 6, 1973, he rejoined the crew of said vessel in the capacity of engineman and signed foreign articles providing compensation at the rate of $663.13 per month. Plaintiff worked through and including January 7, 1974, when he signed off articles and was paid for 32 calendar days although he was given credit for board and lodging for 33 calendar days. Plaintiff claims that he was not paid for one calendar day on which he worked between the period December 6, 1973, and January 7, 1974. He also claims that he was not paid for October 31, 1973.

■ Plaintiff pleads: that his claim is in admiralty under Fed.R.Civ.P. 9(h); that statutory jurisdiction is conferred by 28 U.S.C. §§ 1333, 1331, 1337 and 1343; that his rights have been infringed under the Fifth, Thirteenth and Fourteenth Amendments to the United States Constitution; that he is entitled to judgment declaratory or otherwise, of the rights of merchant seamen to full wages and penalty wages under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. and under 46 U.S.C. §§ 591, 596, 597, 599, 600, 641, 673, and 682; that improper withholding deductions were taken against his wages for federal income tax purposes; and that he is entitled to appropriate injunctive and declaratory judgment relief. Plaintiff also brings this matter on behalf of 60,000 seamen similarly situated in a class action pursuant to Fed.R.Civ.P. 23, but decision in regard to class action status is to be deferred until this Court acts upon defendants' motions to dismiss.

■ Plaintiff is correct that from December 6, 1973, to January 7, 1974, he worked for a period of 33 days and was paid only his monthly rate plus two days. The question which the plaintiff raises is whether citizen seamen who

sign foreign articles providing for compensation calculated at a stated rate per month are entitled to an extra day's pay in those months containing 31 days. The defendant, Mathiasen's Tanker Industries, Inc., has moved to dismiss the complaint on the grounds that the Fifth, Thirteenth and Fourteenth Amendments are inapplicable, the plaintiff has failed to exhaust his remedies under a collective bargaining agreement,[1] the complaint fails to state a claim upon which relief can be granted under 46 U.S.C. §§ 591, 596, 597, 599, 600, 641, 673 or 682, and the complaint fails to state a claim for relief under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. Mathiasen's also moves to dismiss on the ground that plaintiff has failed to join an indispensable party in regard to his claim of improper withholding of income taxes and that plaintiff has failed to comply with Fed.R.Civ.P. 23 and Local Rule 45 in regard to class action allegations.

The defendants, United States Coast Guard and Rear Admiral B. F. Engel, move to dismiss under Fed.R.Civ.P. 12(b)(1), (6) on the ground of lack of subject-matter jurisdiction and failure to state a claim.

■ Plaintiff's complaint must be dismissed. In the first place, there is no violation of the Fifth Amendment. Plaintiff contends that he has been deprived of his property consisting of wages without due process of law. An employee does not have a property right in his employment and his contractual right to wages is not subject to due process protection. Charland v. Norge Division, Borg-Warner Corporation, 407 F.2d 1062 (6th Cir. 1969); Fisch v. General Motors Corporation, 169 F.2d 266 (6th Cir. 1948), cert. denied, 335 U. S. 902, 69 S.Ct. 405, 93 L.Ed. 436 (1949). Plaintiff's reliance on Lynch v.

---

1. The vessel owner is not entitled to a dismissal of the action on the ground that plaintiff's remedies are limited to those provided under the collective bargaining agreement since Arguelles v. United States Bulk Carriers, Inc., 408 F.2d 1065 (4th Cir.),

aff'd, 400 U.S. 351, 91 S.Ct. 409, 27 L.Ed.2d 456 (1969), holds that court action is available to a seaman, seeking to enforce a wage claim, in addition to collective bargaining grievance procedures.

Household Finance Corp., 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972) is misplaced because that decision, invalidating prejudgment garnishment, involves deprivation of property rights under color of state law.

■ The Thirteenth Amendment does *not apply to seamen's contracts.* Robertson v. Baldwin, 165 U.S. 275, 17 S.Ct. 326, 41 L.Ed. 715 (1897); Petition of Den Norske Amerikalinje A/S, 276 F. Supp. 163 (N.D.Ohio 1967), rev'd on other grounds, sub nom., United States Stéel Corporation v. Fuhrman, 407 F.2d 1143 (6th Cir. 1967), cert. denied, 398 U.S. 958, 90 S.Ct. 2162, 26 L.Ed.2d 542 (1967).

■ The Fourteenth Amendment *to the United States Constitution is a guarantee against state encroachment upon the rights of citizens.* It does not apply in the absence of a connection between the governmental machinery of a state government and the person allegedly deprived of liberty or property. The mere fact of government involvement does not constitute state action unless the state's presence is significant. Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 173, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972). Similarly, in Pendrell v. Chatham, 370 F.Supp. 494, 500 (W.D.Pa. 1974), the court found no state action when a nonprofit, private college refused to renew the contract of an over-65 year old female professor. In *Pendrell,* the college was state chartered, was exempt from state and local taxes, was subject to certain state regulations in its teacher-training program and was the recipient of state and federal funds for student aid and construction. The governmental connection involving the calculation of seamen's wages is less significant than the governmental connection in *Pendrell.* Plaintiff has failed to state a cause of action that the Fifth, Thirteenth and Fourteenth Amendments have been violated by his employer or by the Coast Guard in the computation of his wages. The cases of Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), and Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), involve procedural due process protection where a state college sought to dismiss a faculty member from his teaching position. These cases are not authority for plaintiff's contention that his substantive contractual right to receive wages is protected by either the Fifth or the Fourteenth Amendment.

■ It is also clear that plaintiff's contractual rights to wages have not been violated. Plaintiff signed on "at the rate of $663.13 per month." The term "month", when undefined, is commonly understood to mean a calendar month. Fogel v. Commissioner of Internal Revenue, 203 F.2d 347, 349 (5th Cir. 1953); Kennedy v. Pilot Life Insurance Company, 4 N.C.App. 77, 165 S.E.2d 676 (1969); Greulich v. Monnin, 45 N.E.2d 212, 218, 219 (Ohio App.1942). When the term "month" is used, its effect is not computed by counting days, but the time period is determined by the corresponding day in the next succeeding month unless the ending month has not so many days, in which case the last day is used. The rule[2] is so common and settled as to be defined in Black's Law Dictionary, 1159 (4th ed. 1951):

> "Word 'month', unless otherwise defined, means 'calendar month', or time from any day of any of the months as adjudged in the calendar to corresponding day, if any, if not any, to last day, of next month."

■ The defendant-employer, apparently with approval of a shipping commissioner employed by the Coast Guard, approved pay for the plaintiff for one month from December 6, 1973, to January 5, 1974, inclusive, plus two days for January 6 and January 7, making a total payment of 32 days. The daily pay

---

2. It should be noted that during the short month of February the rule is applied to the seaman's advantage.

is computed on a 30-day month. Therefore, the contractual rights of the plaintiff have not been violated either by the employer or by the regulation of the Coast Guard.

Plaintiff also claims that the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq., entitled him to wages for all hours worked. Plaintiff's complaint alleges that he was employed at $663.13 per month plus overtime, and a calculation of the overtime pay is attached as an exhibit. Section 6(a)(4) of the Fair Labor Standards Act, 29 U.S.C. § 206(a), merely provides that a seaman is entitled to wages at "not less than the rate which will provide to the employee, for the period covered by the wage payment, wages equal to compensation . . . prescribed by [minimum hourly wage provisions] for all hours during such period when he was actually on duty . . . ." Nothing is pleaded to establish that plaintiff's compensation is less than the two-dollar minimum wage prescribed by the Act, and accordingly his complaint in this regard must be dismissed.

Plaintiff relies on the statutes[3] which deal with seamen's wages to support his argument that work on the 31st day of a month entitles him to an extra day's pay over his monthly compensation and to penalty wages. Plaintiff, however, begs the question because these statutes do not deal with the method of computing wages, only with the requirements for prompt payment of those wages actually due.

Plaintiff also claims that excessive amounts were withheld from his pay for federal income tax purposes. The gist of plaintiff's contention in this regard is that citizens outside of the United States for a requisite period of time may exclude from income amounts earned outside of the United States. The exclusion[4] relied on by plaintiff applies only to citizens who are physically present in a foreign country for 510 days during an eighteen month period. Plaintiff's complaint fails to allege that he was outside of the United States and physically present in a foreign country for the requisite period of time.

Finally, plaintiff relies on concepts set forth in Hume v. Moore-McCormack Lines, 121 F.2d 336 (2nd Cir. 1941), cert. denied, 314 U.S. 684, 62 S. Ct. 188, 86 L.Ed. 547 (1941), for the proposition that the court should apply the doctrine that seamen are wards of the admiralty. Plaintiff's argument is that legal questions involving employment of seamen are determined by reference to their status rather than by common law contractual principles. In *Hume*, a general release was invalidated because it was not understood by the seaman. However, in the case at bar there are no allegations of unfair treatment or sharp practices. On the contrary, it has been customary to pay seamen monthly, and, therefore, the doctrine that seamen are wards of the admiralty need not be applied.

For the foregoing reasons, plaintiff's complaint will be dismissed.

---

3. 46 U.S.C. §§ 591, 596, 597, 599, 600, 641, 673, 682.

4. Section 911(a) of the Internal Revenue Code (1954) provides:

"(a) *General rule.*—The following items shall not be included in gross income and shall be exempt from taxation under this subtitle:

"(1) . . .

"(2) *Presence in foreign country for 17 months.*—In the case of an individual citizen of the United States who during any period of 18 consecutive months is present in a foreign country or countries during at least 510 full days in such period, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) which constitute earned income attributable to services performed during such 18-month period. The amount excluded under this paragraph for any taxable year shall be computed by applying the special rules contained in subsection (c)."