ETTA McMILLAN, Plaintiff-Appellee, *v.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant-Appellant.

Fifth District   No. 76-338

Opinion filed June 14, 1977.

Gundlach, Lee, Eggmann, Boyle & Roessler, of Belleville (R. E. Eggmann, of counsel), for appellant.

Hillebrand, Cook & Shevlin, Ltd., of East St. Louis (Bruce N. Cook, of counsel), for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

This is an appeal by defendant Prudential Insurance Company of America from a judgment for $5,000 in favor of plaintiff-appellee Etta McMillan in the Circuit Court of St. Clair County. The judgment represented death benefits to which the court below held plaintiff was entitled under a group life insurance policy issued by defendant to Certain-Teed Products Corporation, the employer of plaintiff's husband Gerald McMillan at the time of his death.

The case was tried and comes to us on stipulated facts. Gerald McMillan entered into employment with Certain-Teed on June 17. He died 91 days later, on September 16. The insurance policy in question provided, in pertinent part:

> "*Employee's Date of Eligibility*: The first day * * * on which he is a full-time Employee * * * following his completion of three months of continuous service on a full-time basis with the Employer. * * * An Employee is considered full-time if he works for the Employer at least the number of hours in the normal work week established by the Policyholder, but not less than thirty hours per week."

The only question for our determination is whether the court below erred in finding that Gerald McMillan was an "eligible employee" under the policy. We hold that it did err, and therefore reverse.

As we understand plaintiff's argument, which prevailed below, it is as follows: The policy by its terms relates "continuous service on a full-time basis" to the normal work week of the employer. The normal work week at Certain-Teed ran from Monday through Friday. Plaintiff's husband began work on Monday, June 17, and worked through Friday, September 13. When he died on Monday, September 16, he had completed 13 normal work weeks. There are, on the average, four work weeks in a month. Therefore, according to plaintiff, he had completed more than three months of continuous service at the time of his death.

We agree with defendant, however, that the language about the normal work week in the second quoted sentence has nothing to do with defining three months of continuous service. The second sentence merely defines full-time employment, as used in the previous sentence. Although eligibility under the policy could have been framed in terms of days or weeks or hours worked, the fact is that it was not. The policy clearly and unambiguously based eligibility on the completion of three months of continuous service.

It is universally held in the United States that the word "month" means a calendar month unless a contrary intent is indicated. (*People v.*

*Gilbert,* 24 Ill. 2d 201, 203, 181 N.E.2d 167, 169 (1962); *Ropiequet v. Aetna Life Insurance Co.,* 309 Ill. App. 346, 355, 33 N.E.2d 228, 233 (4th Dist. 1941); *Kennedy v. Pilot Life Insurance Co.,* 4 N. C. App. 77, 165 S.E.2d 676 (1969); *Guaranty Trust & Safe-Deposit Co. v. Green Cove Springs & Melrose R.R. Co.,* 139 U.S. 137, 35 L. Ed. 116, 11 S. Ct. 512 (1891); 27A Words and Phrases, "Month," at 128 (1961). See also Ill. Rev. Stat. 1975, ch. 74, par. 10, and ch. 131, par. 1.10.) Nevertheless, plaintiff urges that to read "three months," as used in the eligibility provision of the policy, to mean three calendar months would result in some employees becoming eligible after only 87 days with the employer, while other would have to wait as long as 93 days. We can only repeat that the eligibility provision of the insurance policy in question was not based on the number of days worked, but on the completion of three months of continuous service. An argument similar to plaintiff's was rejected by our supreme court in *People v. Gilbert,* and we must reject it here.

In *Kennedy v. Pilot Life Insurance Co.,* the North Carolina appellate court was confronted with a situation almost identical to that in the instant case. The group insurance policy issued to plaintiff's employer provided that an employee and his dependents would become eligible for coverage on the day immediately following the completion of one month of continuous, active employment. Plaintiff commenced work on July 8, and his son was hospitalized on August 7. In holding that the insurer was not liable for medical expenses incurred, because coverage did not commence until August 8, the court said:

> "In the United States the term 'month' is now universally computed by the calendar, unless a contrary meaning is indicated by the statute or contract under construction. Also, the term 'thirty days' and the term 'one month' are not synonymous, although where the particular calendar month is composed of exactly thirty days the number of days involved happen to be the same. The word 'month' has a clear and well-defined meaning, and refers to a particular time. Unless an intention to the contrary is expressed, it signifies a calendar month, regardless of the number of days it contains." 4 N. C. App. 77, 80-81, 165 S.E.2d 676, 678.

■■ We agree. In the instant case, plaintiff's decedent would have completed three months' continuous service had he lived through September 16. He would thus have become eligible for insurance coverage on September 17. Unfortunately, he did not complete the requisite three months' service, and was therefore not covered by the policy at the time of his death. His beneficiary, therefore, is not entitled to recover the death benefits under the group life insurance policy.

There is absolutely no indication that the eligibility provision of the policy contemplated anything other than a calendar month. We therefore have no occasion, as plaintiff urges, to "construe" the provision. As the

990

court said in *Yadro v. United States Fidelity & Guaranty Co.*, 4 Ill. App. 2d 477, 482, 124 N.E.2d 370, 372 (4th Dist. 1955), "[t]he rule that ambiguous language is to be construed most strongly against the insurer, does not authorize a perversion of language or the exercise of inventive powers for the purpose of creating an ambiguity where none exists."

For the foregoing reasons, the judgment of the Circuit Court of St. Clair County is reversed.

Reversed.

CARTER, P. J., and EBERSPACHER, J., concur.