MARVIN MCDONALD, CORNELIUS FORD, ANTHONY KOONCE, PERRY JONES, AARON PETTY, ANNIE POLK, Plaintiffs v. NORTH CAROLINA DEPARTMENT OF CORRECTION, A NORTH CAROLINA STATE AGENCY; NORTH CAROLINA DEPARTMENT OF CORRECTION MANAGEMENT INFORMATION SYSTEMS, A DIVISION OF THE NORTH CAROLINA DEPARTMENT OF CORRECTION; ALVIN W. KELLER, SECRETARY, NORTH CAROLINA DEPARTMENT OF CORRECTION; BOB BRINSON, CHIEF INFORMATION OFFICER, NORTH CAROLINA DEPARTMENT OF CORRECTION MANAGEMENT INFORMATION SYSTEMS, Defendants

No. COA11-1280

(Filed 20 March 2012)

**Sentencing—structured sentencing—definition of month—calendar month**

The trial court did not err by declaring that N.C.G.S. § 12-3 (12), which defines "imprisonment for one month" as "imprisonment for thirty days[,]" was inapplicable to sentences imposed under structured sentencing. N.C.G.S. § 12-3(3), which construes the word "month" to mean a calendar month, controlled.

Appeal by Plaintiffs from order entered 9 May 2011 by Judge Howard E. Manning, Jr. in Wake County Superior Court. Heard in the Court of Appeals 9 February 2012.

*N.C. Prisoner Legal Services, Inc., by Laura Grimaldi, for Plaintiff-Appellants.*

*Attorney General Roy Cooper, by Assistant Attorney General Joseph Finarelli, for Defendant-Appellees.*

BEASLEY, Judge.

Marvin McDonald, Cornelius Ford, Anthony Koonce, Perry Jones, Aaron Petty, and Annie Polk (Plaintiffs) appeal the trial court's order granting N.C. Department of Correction, N.C. Department of Correction—Management Information Systems, Alvin W. Keller, and Bob Brinson (Defendants) motion for judgment on the pleadings. For the following reasons, we affirm.

Plaintiffs are inmates in the N.C. Department of Correction (DOC).[1] On 10 December 2010, Plaintiffs filed a complaint seeking declaratory and injunctive relief against Defendants. After Defendants

---

1. Anthony Koonce and Annie Polk have been released from custody and Plaintiffs concede that their claims are moot.

filed an answer, both parties filed motions for judgment on the pleadings. The case was heard on 4 April 2011 and the trial court granted Defendants' motion for judgment on the pleadings by order filed 9 May 2011. On 26 May 2011, Plaintiffs filed a timely notice of appeal.

First, Plaintiffs argue that the trial court erred by declaring that N.C. Gen. Stat. § 12-3 (12) was inapplicable to sentences imposed under structured sentencing. We disagree.

"This Court reviews a trial court's grant of a motion for judgment on the pleadings *de novo*." *Carpenter v. Carpenter*, 189 N.C. App. 755, 757, 659 S.E.2d 762, 764 (2008) (citation omitted). "Judgment on the pleadings pursuant to Rule 12(c), is appropriate when all the material allegations of fact are admitted in the pleadings and only questions of law remain." *Groves v. Community Hous. Corp.*, 144 N.C. App. 79, 87, 548 S.E.2d 535, 540 (2001) (internal quotation marks and citations and omitted).

Plaintiffs assert that N.C. Gen. Stat. § 12-3(12) applies to the Structured Sentencing Act (the Act) where the Act fails to expressly define the term "month." N.C. Gen. Stat. § 12-3(12) (2011) states,

> "Imprisonment for One Month," How Construed.—The words "imprisonment for one month," wherever used in any of the statutes, shall be construed to mean "imprisonment for thirty days."

Plaintiffs contend that N.C. Gen. Stat. § 12-3(12) limits the DOC's ability to convert sentences of a year or more. Currently, the DOC calculates every 12 month sentence into a calendar year which consists of 365 days. Under Plaintiffs' proposed interpretation of the statute, DOC is not permitted to convert months over a year into 365 days, but is limited to construing months into 30 day periods. Plaintiffs assert that sentences over 12 months, under this interpretation of the statute, should consist of 360 days (12 months x 30 days), not 365 days.

We must first note that

> [t]he functions of the court in regard to the punishment of crimes are to determine the guilt or innocence of the accused, and, if that determination be one of guilt, then to pronounce the punishment or penalty prescribed by law. The execution of the sentence belongs to a different department of the government. The manner of executing the sentence and the mitigation of punishment are determined by the legislative department,

and what the Legislature has determined in that regard must be put in force and effect by administrative officers.

*Jernigan v. State*, 279 N.C. 556, 563-64, 184 S.E.2d 259, 265 (1971) (internal quotation marks and citation omitted). Additionally, "the responsibility for determining the limits of statutory grants of authority to an administrative agency is a judicial function for the courts to perform." *In re Community Association*, 300 N.C. 267, 280, 266 S.E.2d 645, 654 (1980).

Defendants argue, and we agree, that N.C. Gen. Stat. § 12-3(3) controls and N.C. Gen. Stat. § 12-3 (12) is inapplicable. N.C. Gen. Stat. § 12-3(3) (2011) states,

> The word "month" shall be construed to mean a calendar month, unless otherwise expressed; and the word "year," a calendar year, unless otherwise expressed. . . . When a statute refers to a period of one or more months and the last month does not have a date corresponding to the initial date, the period shall expire on the last day of the last month.

"In North Carolina, when the word 'month' is used in our General Statutes it is to be construed to mean a calendar month, unless otherwise expressed." *Kennedy v. Insurance Co.*, 4 N.C. App. 77, 80, 165 S.E.2d 676, 677 (1969) (citing N.C. Gen. Stat. § 12-3(3)). In *Kennedy*, this Court held that

> the term 'thirty days' and the term 'one month' are not synonymous, although where the particular calendar month is composed of exactly thirty days the number of days involved happen to be the same. The word 'month' has a clear and well-defined meaning, and refers to a particular time. Unless an intention to the contrary is expressed, it signifies a calendar month, regardless of the number of days it contains.

*Id.* at 80-81, 165 S.E.2d at 677.

Plaintiffs acknowledge the plain meaning of N.C. Gen. Stat. § 12-3(3), but argue that § 12-3(12) is also controlling in defining months. Plaintiffs argue that the two statutes should be "harmonized". We recognize the rule of statutory interpretation that states "[w]here there is one statute dealing with a subject in general and comprehensive terms, and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized[.]" *McIntyre v. McIntyre*, 341 N.C. 629, 631,

**McDONALD v. N.C. DEP'T OF CORR.**

[219 N.C. App. 536 (2012)]

461 S.E.2d 745, 747 (1995). We find the rule inapplicable in this case because we determine that N.C. Gen. Stat. § 12-3 (12) does not deal with the same subject matter as N.C. Gen. Stat. § 12-3(3).

"Where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must construe the statute using its plain meaning." *Burgess v. Your House of Raleigh,* 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990). It is clear from the plain language of N.C. Gen. Stat. § 12-3 (12) that the statute defines the term "imprisonment for one month" and does not define the term "month". Under N.C. Gen. Stat. § 12-3 (12) "imprisonment for one month" is used as a term of art. "A complimentary rule of construction provides that when technical terms or terms of art are used in a statute, they are presumed to be used with their technical meaning in mind, likewise absent legislative intent to the contrary." *Dare County Bd. of Educ. v. Sakaria,* 127 N.C. App. 585, 588, 492 S.E.2d 369, 371-72 (1997). The statute expressly states that "[t]he words 'imprisonment for one month,' wherever used in any of the statutes, shall be construed to mean "imprisonment for thirty days." A plain reading of the statute shows that "imprisonment for one month" is a term of art and delineates that the thirty day rule is only to be used where the term of art is expressly used in the statutes. We decline to extend this narrow and specific definition outlined in N.C. Gen. Stat. § 12-3 (12) to a broader interpretation that was not intended by the Legislature. Accordingly, we affirm the trial court's order and Plaintiffs' argument is overruled.

Because Plaintiffs' second issue on appeal is based on the first issue, Plaintiffs' second issue on appeal is also overruled.

Affirmed.

Judges HUNTER, Robert C. and STEPHENS concur.